IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. No. 7:24cr554-03 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| ASHLEY NICOLE CROMER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's counseled Motion to Vacate Pursuant to 28 U.S.C. § 2255. ECF No. 184. A hearing was held before the Court on the Motion on December 16, 2025. For the reasons set forth on the record and below, Defendant's Motion is granted.

On October 8, 2024, a Grand Jury for the District of South Carolina returned a six-count superseding indictment against Defendant and her co-defendants. *See* ECF No. 37. Specifically, Defendant was charged with one count of conspiracy to distribute a controlled substance—methamphetamine and fentanyl—in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C), all in violation of 21 U.S.C. § 846 ("Count One") and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count Six"). *See id.* at 1–3, 6. On April 23, 2025, Defendant plead guilty to Count One.

On August 27, 2025, Defendant appeared for sentencing. ECF No. 148. At sentencing, counsel for Defendant argued for a downward variance but was under the incorrect impression that the statutory minimum applied to Defendant's case. Accordingly, Defendant's counsel argued only that her sentence be varied downward to

what he believed was the applicable statutory minimum—120 months. The Court granted Defendant's request for variance, and she was sentenced to 120 months as her counsel requested. At the end of sentencing, the Government clarified that the statutory minimum was not applicable in Defendant's case, but not further argument was made regarding the stated sentence.

On September 12, 2025, Defendant filed a notice of appeal, but shortly thereafter voluntarily dismissed her appeal. *See* ECF Nos. 165, 177. On November 9, 2025, Defendant filed her first motion to vacate pursuant to 28 U.S.C. § 2255, and on November 24, 2025, she filed an amended motion. ECF Nos. 178, 184. In her Motion to Vacate, Defendant seeks to collaterally attack her sentence. *See* ECF No. 184. A hearing was held before the Court on December 16, 2025. ECF No. 188. At the hearing, Defendant affirmed that her challenge was only to her sentence and that she did not wish to challenge or in any way abandon her guilty plea.

Section 2255 provides a mechanism, beyond a direct appeal, for challenging the legality of a defendant's sentence. That section provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If the defendant's sentence is set aside, the district court "shall" grant an "appropriate" remedy. 28 U.S.C. § 2255. Under § 2255, congress has provided four potential remedies that are appropriate: (1) discharge the prisoner, (2) resentence

her, (3) grant a new trial, or (4) correct the sentence. 28 U.S.C.A. § 2255(b); see *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). The goal of the remedies under § 2255 is to "place the defendant in exactly the same position he would have been had there been no error in the first instance." *Hadden*, 475 F.3d at 665 (internal quotation omitted).

As set out on the record, the Court finds Defendant's collateral attack of her previously imposed sentence compelling and meritorious. Defendant's counsel misunderstood the applicability of the mandatory minimum in arguing for a variance and because the mandatory minimum was not applicable to Defendant, her counsel was ineffective in arguing that her sentence only be varied down to this minimum. Accordingly, the Court hereby vacates Defendant's prior sentence and the judgment against her is set aside. Defendant's underlying conviction remains valid. The Court also finds, for the reasons set out on the record, that the appropriate remedy is a full resentencing.[1]

For the reasons set forth herein, and upon the hearing record, Defendant's Motion to Vacate [184] is **GRANTED**. The sentence previously entered against Defendant is vacated and the related judgment against her is set aside.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 17, 2025
Spartanburg, South Carolina

---

[1] Defendant indicated that she was ready to be resentenced, and her resentencing was held immediately. Accordingly, Defendant was sentenced to 34 months with five years of supervised release to follow, as set out more fully on the record and in the judgment entered contemporaneously with this Order.

3